IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARRON FREDERICK LEMON | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No.  JKB-16-872 |
| | * | |
| JEANNIE JINKYUNG HONG, | * | |
| MEE SOON LANGHOR, | * | |
| MATTHEW GARCIA, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM**

Arron Frederick Lemon is suing Jeannie Jinkyung Hong, Mee Soon Langhor, and Matthew Garcia pursuant to 42 U.S.C. § 1983 for allegedly depriving him of his rights under the United States Constitution and Maryland law during state criminal proceedings on January 16, 2013, and March 6, 2014.  (ECF 1).  Lemon has paid the filing fee.

Lemon claims defendants acted with "evil motive, intent to injure, ill will and fraud under color of law" to deny him a speedy trial, deny him due process, use the Maryland Courts for their own personal gain, and cause him physical and emotional harm. (ECF 1 at 3-6.)  He seeks declaratory relief and damages totaling $32 million.  (ECF 1 at 17-18.)

Though Lemon does not identify the state criminal proceeding that gives rise to his claims, the Maryland State Casesearch Website shows that Lemon pleaded guilty in the Circuit Court for Baltimore City on March 6, 2014, in case 813032017[1] to possession of marihuana, and a two-day sentence of time served was imposed.  *See* https://ecf.mdd.circ4.dcn/cgi-bin/DktRpt.

---

[1]  Lemon twice sought to remove the state case to this district. *See* Civil Action No. RDB-13-469 (D. Md.); ELH-13-1575 (D. Md.).  The Honorable Richard D. Bennett remanded Civil Action No. RDB-13-469 (D. Md.) to the Circuit Court for Baltimore City on September 17, 2013.  The Honorable Ellen L. Hollander remanded ELH-13-1575 (D. Md.) to the Circuit Court for Baltimore City on June 3, 2013.

pl?847608536591934-L_1_0-1.  In that case, Judge Jeannie Jinkyung Hong presided over his plea hearing, the state was represented by Mee Soon Langhor, an assistant state's attorney, and Matthew Garcia, an assistant public defender, is shown on the electronic docket as entering his appearance.  Lemon indicates in his complaint, however, that his intention was to proceed in state court pro se.  *Id*.  ¶¶ 19, 20, 49, 77.

Lemon's account of his January 16, 2013, court appearance is summarized as follows.  Matthew Garcia informed Judge Hong that he had relayed to Lemon the State's offer of pleading guilty to time served.  *Id*. ¶ 69.  Judge Hong asked Lemon to stand, and he replied, "Are you serious?"  *Id*. ¶ 33.  When Judge Hong asked Lemon whether he had taken anything during the lunch break, he responded,

> You can't sit there and say that I'm crazy.  You said that I have the right to be confronted with [sic] my accuser.  It says the STATE OF MARYLAND v. AARON LEMON.  Okay, that's the accuser.  How, how, how, I don't understand?  What, what, am I speaking a foreign language?  The accuser is the State of Maryland.  You said I have the right to be confronted with [sic] my accuser.  I want to be confronted by the State of Maryland.  That's it.  You said I have that right.  So, I'm asking . . . for that right.

*Id*. ¶ 33.  Judge Hong asked him whether he wanted to consider referral to mental health court.  *Id*. ¶ 37.  Judge Hong also warned Lemon that his comments placed him in possible contempt of court, and later in the proceeding she found him in contempt.  *Id*. ¶¶ 48, 58, 69.

On March 6, 2014, Lemon entered a guilty plea.  Lemon complains Judge Hong "never once denied she had an interest in the case," failed to check on how old the case was, and had the "gumption to seal the competency findings…."  *Id*. ¶¶ 81, 84, 85.  He complains he was never incarcerated for a period of two days since he posted bail.  *Id*. ¶ 86.  He faults Matthew Garcia for not raising the "Hicks rule" and his "120 day incarceration."  *Id*. ¶ 88.  Lastly, he faults

defendants for posing as officers of the court and for failing to prevent the unlawful actions about which he complains or participating in them. *Id*. ¶ 87.

## DISCUSSION

The Complaint is deficient in several respects. First, Lemon fails to establish this court has jurisdiction over this case.[2] Next, Lemon has failed to allege facts in support of a § 1983 claim sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In most cases, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See* U.S. Const. art. III, § 2; 28 U.S.C. §§ 1331, 1332. The burden to establish subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Here, Lemon does not assert a basis for jurisdiction. He does not allege the parties are of diverse citizenship, and for reasons discussed herein, his allegations fail to set forth a cause of action to confer federal question jurisdiction.

To state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. Therefore, a public defender is not amenable to suit under § 1983. *See*

---

[2] A complaint may be dismissed sua sponte for lack of subject matter jurisdiction even when the civil filing fee has been paid. *See Jamison v. FCC,* 2005 WL 5501492 (D. Md. August 25, 2005) (citing *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363–64 (2d Cir. 2000); *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999); *O'Connor v. United States,* 159 F.R.D. 22, 25 (D. Md. 1994); *Crowley Cutlery Co. v. United States,* 849 F.2d 273, 277 (7th Cir. 1988)).

*Polk County v. Dodson*, 454 U.S. 312, 317–24 & nn.8–16 (1981) (public defender); *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). Accordingly, Matthew Garcia will be dismissed from this case.

Judicial officials, such as judges and prosecutors, receive absolute immunity because they must be able to execute certain official duties without the constant fear of lawsuits. *See Stump v. Sparkman*, 435 U.S. 349, 362–63 (1978) (judicial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutorial immunity). Lemon's complaint seeks to hold a state court judge liable for decisions arising out of the performance of her judicial duties, and it is well-settled that judges are entitled to immunity to suit in performing their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 13 (1991). "The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." *Id*. (citations omitted). Therefore, "[a] judge is absolutely immune from liability for his [or her] judicial acts even if his [or her] exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359. Further, judicial immunity is a shield from suit, not just from assessment of damages. *Mireles*, 502 U.S. at 11.

Judicial immunity can be overcome in two circumstances. First, a judge is not immune from liability for his or her non-judicial acts. *Stump*, 435 U.S. at 360. Second, a judge is not immune for actions, though judicial in nature, that were taken in complete absence of all jurisdiction. *Id*. at 356–57. In determining whether an act is judicial, a court examines whether the act in contention is a function normally performed by a judge. *Id*. at 362. Review of Lemon's allegations against Judge Hong fail to suggest the judge acted without jurisdiction. Lemon's allegations make clear instead that Judge Hong's decisions were rendered in the

performance of her judicial duties. Neither exception to judicial immunity applies here. Indeed, Lemon's lawsuit is the type of action that has been recognized as necessitating the doctrine of judicial immunity. For these reasons, Judge Jeannie Jinkyung Hong is entitled to dismissal as a defendant.

In determining whether an individual is entitled to absolute prosecutorial immunity, courts consider the functions performed by the official, rather than his or her title. *Forrester v. White*, 484 U.S. 219, 229 (1988). An official will receive immunity when his or her actions are prosecutorial in nature. *Pachtman*, 424 U.S, at 410. Generally, prosecutorial functions are those that are "intimately associated with the judicial phase of the criminal process." *Id*. at 430. Thus, when a prosecutor is working "within the scope of his duties in initiating and pursuing a criminal prosecution," he remains within the ambit of absolute immunity. *Id*. at 410. The prosecutor performs functions "under the watchful eye of the judge and in the shadow of the everpresent possibility of judge-imposed sanctions." *Dababnah v. Keller–Burnside*, 208 F.3d 467, 471 (4th Cir. 2000) (quoting *Marrero v. City of Hialeah*, 625 F.2d 499, 509 (5th Cir. 1980)). In this way, conferring absolute immunity does not protect the prosecutor at the expense of individual rights and liberties. *See id.* To the extent Lemon brings this action against Mee Soon Langhor, assistant state's attorney for Baltimore City, for executing her prosecutorial functions, she is entitled to immunity, and is entitled to dismissal from this case.

Although Lemon captions the complaint as filed under 42 U.S.C. § 1983, this action essentially attempts to appeal his state conviction in federal court. The *Rooker–Feldman* doctrine warrants abstention in this case. *See Rooker v. Fidelity Trust Co*., 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983). The *Rooker–Feldman* doctrine is a jurisdictional rule that prohibits a federal district court from

hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, the doctrine precludes claims that seek redress for an injury caused by a state-court decision because such a claim essentially asks "'the federal district court to conduct an appellate review of the state-court decision.'" *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)). Lemon may not appeal his state court conviction in federal court.

Lastly, Lemon's claims for the allegedly unlawful criminal proceedings must be dismissed under *Heck v. Humphrey*. 512 U.S. 477, 486–87 and nn.6–8 (1994) ("a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated"). A plaintiff who seeks to recover damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id*. Lemon has failed to demonstrate the status of those criminal proceedings, and the ruling in *Heck* compels dismissal of his claims for damages.

For these reasons, Lemon's allegations neither provide grounds for the court to exercise jurisdiction over this matter nor state a claim upon which relief may be granted. Accordingly, the court shall dismiss the case by separate order.

<u>March 30, 2016</u>                               _____/s/_____
Date                                            James K. Bredar
                                                United States District Judge